1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMY LARA LOPEZ, | ) | 1:10-cv-00690-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS  (Doc. 1) |
| | ) | |
| ON HABEAS CORPUS, | ) | ORDER REQUIRING PETITION TO FILE |
| | ) | MOTION TO AMEND CAPTION |
| Respondent. | ) | |
| _____ | ) | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on April 15, 2010.[1]  A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

On April 26, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 6).

## DISCUSSION

### A.  Preliminary Review of Petition

---

[1]Petitioner is represented by counsel in these proceedings, and therefore the "mailbox" rule set forth In Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988), which applies to pro se habeas petitioners, is inapplicable. Accordingly, the Court will use the actual filing date for the instant petition.

1

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner and his counsel the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on April 15,  2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on April 19, 2005 in the Superior Court for the County of Tulare and was sentenced to a term of twenty-four years in prison.  (Doc. 1, pp. 11; 25).  Although Petitioner has not provided the specific dates of proceedings in his direct appeal, the Court has accessed the California court system's electronic database.[2]  According to that database, the California Court of Appeal, Fifth Appellate District ("5th DCA") dismissed Petitioner's direct appeal of his conviction in Tulare County Superior Court case number 134350[3] because Petitioner, or his counsel, failed to file the Opening Brief, or a request for extension of time, within the time allotted.  The dismissal took place on July 20, 2005.

There is no evidence in the California courts' database that Petitioner ever filed a petition for review following dismissal of the appeal by the 5th DCA.  According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality. Cal. Rules of Court, Rule 8.500(e)(1).  Thus, Petitioner's conviction

---

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

[3]Petitioner asserts that the instant petition challenges his conviction in Tulare County Superior Court case number 134350.  It appears that Petitioner was involved in two criminal prosecutions in the Tulare County Superior Court, in case numbers 134350 and 127130.  However, on appeal, the two cases were given the same case number by the 5th DCA, i.e., F047875.  Moreover, both appeals have identical docket sheets and both were dismissed on July 20, 2005 for failure to file the Opening Brief or request an extension of time by the date set by the appellate court. Thus, for purposes of the Court's analysis of the statute of limitations issue, the result would be the same as to either criminal conviction.

3

1   would become final forty days after the Court of Appeal's dismissal was filed, or on August 29,

2   2005.  However, the California courts' database indicates that the 5th DCA did not issue remittitur

3   until September 19, 2005.  Accordingly, giving Petitioner the benefit of all possible doubts, the

4   Court will use that later date as the date on which Petitioner's direct appeal concluded. Petitioner

5   would then have one year from the following day, September 20, 2005, or until September 19, 2006,

6   absent applicable tolling, within which to file his federal petition for writ of habeas corpus.  As

7   discussed, the instant petition was not filed until April 14, 2010, over three and one-half years *after*

8   the one-year period had expired.  Thus, unless Petitioner is entitled to some form of statutory or

9   equitable tolling, the petition is untimely and should be dismissed.

10               C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

11         Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

12   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

13   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

14   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

15   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

16   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

17   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

18   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

19   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

20   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

21   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

22   (9th Cir. 1999).

23         Nevertheless, there are circumstances and periods of time when no statutory tolling is

24   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

25   appeal and the filing of an application for post-conviction or other collateral review in state court,

26   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

27   Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

28   a federal petition.  Id. at 1007.  In addition, the limitation period is not tolled during the time that a

1   federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

2   (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

3   2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

4   run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

5   ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

6   state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

7   is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

8   Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

9          Here, Petitioner alleges that he filed a state habeas petition in the California Supreme Court.

10  Petitioner purports to attach a copy of the high court's ruling as Exhibit 1 to the petition.  (Doc. 1, p.

11  12).  However, while there is a face-sheet designated Exhibit 1, there is no exhibit attached to the

12  face sheet.  Accordingly, the Court has, once again, consulted the California courts' electronic

13  database and determined that Petitioner filed a state habeas petition in the California Supreme Court

14  on May 4, 2009, that was denied on October 14, 2009, in case number S172630.

15         Unfortunately for Petitioner, this solitary state petition does not afford Petitioner any tolling

16  benefits.  A petitioner is not entitled to tolling where the limitations period has *already run* prior to

17  filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice,

18  276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same);

19  Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation

20  of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180

21  F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed

22  after expiration of the one-year limitations period).   Here, as mentioned, the limitations period

23  expired on September 19, 2006, approximately thirty-two months *before* Petitioner filed his first

24  state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the

25  AEDPA for that state habeas petition.  Thus, unless Petitioner is entitled to equitable tolling, the

26  petition must be dismissed as untimely.

27         D.  Equitable Tolling

28         The limitation period is subject to equitable tolling when "extraordinary circumstances

beyond a prisoner's control make it impossible to file the petition on time." <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." <u>Miles</u>, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. There is no evidence of extraordinary circumstances beyond Petitioner's control that prevented him from timely filing his federal petition. Accordingly, it does not appear that Petitioner is entitled to equitable tolling. Thus, the petition appears to be untimely and must therefore be dismissed.

However, in order to follow the Ninth Circuit's mandate in <u>Herbst</u>, the Court will afford Petitioner and his counsel an opportunity to respond to this Order to Show Cause by presenting, within thirty days of the date of service of this Order to Show Cause, such evidence as Petitioner may have that he is entitled to statutory or equitable tolling sufficient to make the instant petition timely under the AEDPA. The Court will then review Petitioner's response. Unless Petitioner is able to establish that the petition is timely, and to account for the approximately thirty-two months of untolled time, the Court will issue an order of dismissal.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

6

1         Petitioner is forewarned that his failure to comply with this order may result in an Order of

2  Dismissal pursuant to Local Rule 110.

3

4

5  IT IS SO ORDERED.

6  Dated:  __**May 6, 2010**__                             __**/s/ Jennifer L. Thurston**__

7                                                UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28