UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LARA LOPEZ,             Petitioner,      v.   ON HABEAS CORPUS,             Respondent. | 1:10-cv-00690-JLT HC   ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS  (Doc. 1)   ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE   ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on April 15, 2010.[1]  On May 7, 2010, after a preliminary review of the Petition revealed that it may be untimely and should therefore be dismissed, the Court issued an Order to Show Cause requiring Petitioner to file a response within thirty days addressing why the Court should not dismiss the petition as untimely.  (Doc. 7).  On July 16, 2010, Petitioner filed his response to the Order to Show Cause.  (Doc. 10).

On April 26, 2010, Petitioner filed his written consent to the jurisdiction of the United States

---

[1] Petitioner is represented by counsel in these proceedings, and therefore the "mailbox" rule set forth In Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988), which applies to pro se habeas petitioners, is inapplicable. Accordingly, the Court will use the actual filing date for the instant petition.

1

Magistrate Judge for all purposes.  (Doc. 6).

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the Order to Show Cause, the Court afforded Petitioner and his counsel the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on April 15, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

        In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on April 19, 2005 in the Superior Court for the County of Tulare and was sentenced to a term of twenty-four years in prison. (Doc. 1, pp. 11; 25). Although Petitioner has not provided the specific dates of proceedings in his direct appeal, the Court has accessed the California court system's electronic database.[2] According to that database, the California Court of Appeal, Fifth Appellate District ("5th DCA") dismissed Petitioner's direct appeal of his conviction in Tulare County Superior Court case number 134350[3] because Petitioner, or his appellate counsel, failed to file either the Opening Brief or a request for extension of time within the time allotted. The dismissal took place on July 20, 2005.

        There is no evidence in the California courts' database that Petitioner ever filed a petition for review following dismissal of the appeal by the 5th DCA. According to the California Rules of

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

[3] Petitioner asserts that the instant petition challenges his conviction in Tulare County Superior Court case number 134350. It appears that Petitioner was involved in two criminal prosecutions in the Tulare County Superior Court, in case numbers 134350 and 127130. However, on appeal, the two cases were given the same case number by the 5th DCA, i.e., F047875. Moreover, both appeals have identical docket sheets and both were dismissed on July 20, 2005 for failure to file the Opening Brief or request an extension of time by the date set by the appellate court. Thus, for purposes of the Court's analysis of the statute of limitations issue, the result would be the same as to either criminal conviction.

3

Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality. Cal. Rules of Court, Rule 8.500(e)(1). Thus, Petitioner's conviction would become final forty days after the Court of Appeal's dismissal was filed, or on August 29, 2005. Petitioner would then have one year from the following day, August 30, 2005, or until August 29, 2006, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As discussed, the instant petition was not filed until April 14, 2010, over three and one-half years *after* the one-year period had expired. Thus, unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and should be dismissed.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a

4

federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed a state habeas petition in the California Supreme Court. Petitioner purports to attach a copy of the high court's ruling as Exhibit 1 to the petition. (Doc. 1, p. 12). However, while there is a face-sheet designated Exhibit 1, there is no exhibit attached to the face sheet. Accordingly, the Court has, once again, consulted the California courts' electronic database and determined that Petitioner filed a state habeas petition in the California Supreme Court on May 4, 2009, that was denied on October 14, 2009, in case no. S172630.

Unfortunately for Petitioner, this solitary state petition does not afford Petitioner any tolling benefits. A petitioner is not entitled to tolling where the limitations period has *already run* prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on September 19, 2006, approximately thirty-two months *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for that state habeas petition.

In his response to the Order to Show Cause, Petitioner argues additional bases for statutory tolling. First, Petitioner contends that he was "prevented" from filing his federal petition by the ineffective assistance of his court-appointed attorney. (Doc. 10, p. 3). Petitioner argues that his

court-appointed appellate lawyer did not effectively communicate with Petitioner, that Petitioner did not, therefore, fill out certain paperwork sent to him by his appellate lawyer, and consequently the appeal was abandoned without a decision on the merits of Petitioner's issues. (Doc. 10, p. 3; Ex. 1, p. 3). Petitioner reasons that due to his counsel's ineffective assistance in failing to "realize Mr. Lopez's minimal education level, his age, and his inability to understand or read English very well," an "impediment" to filing his federal petition under 28 U.S.C. § 2244(b)(1)(B) existed that was not removed until he filed his state habeas petition in the California Supreme Court on May 4, 2009. This argument is not well taken.

    First, it bears emphasis that, as to calculating the commencement of the one-year AEDPA limitation period, there are only four possibilities, and those possibilities are fully set forth in § 2244(d)(1). Petitioner argues that subsection (d)(1)(B) applies here. That subsection provides that the one-year period may run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). This subsection applies only to impediments created by "State action" which violate the Constitution or the laws of the United States. Shannon v. Newland, 410 F.3d 1083, 1088 n. 4 (9th Cir. 2005); Dunker v. Bissonnette, 154 F.Supp. 2d 95, 104 (D. Mass. 2001).

    Thus, in order for Petitioner's view to prevail, the Court would have to construe Petitioner's court-appointed appellate counsel's conduct as "state action" that violates the U.S. Constitution or federal law. The Unites States Supreme Court, in a different context, has held that, in the general representation of a criminal defendant, the public defender is not a state actor. Georgia v. McCollum, 505 U.S. 42, 53-54; 112 S.Ct. 2348 (1992); Polk County v. Dodson, 454 U.S. 312, 321-322, 102 S.Ct. 445 (1981). Working from that general proposition, it follows that a state-appointed defense attorney is not a state actor and cannot, therefore, create an impediment through "state action." Although this issue has been raised only infrequently, the courts that have addressed it have rejected it. Dunker, 154 F.Supp.2d at 104-105 (state public defender's conduct with respect to filing legal papers did not constitute "state action."); Ramos v. Carey, 2003 WL 21788799 *2 (N.D. Cal. July 31, 2003)("An attorney's failure to file an appeal is simply not an impediment 'created by state

6

action'").

Indeed, in this case, Petitioner acknowledges that his appellate attorney sent him court documents to sign and it appears that his counsel was prepared to file an Opening Brief in the direct appeal. However, Petitioner declares, under penalty of perjury, "That I spoke with my mother about my appeal and she advised me that she wanted to hire an attorney to represent me, rather than use a court-appointed attorney...That as a result, I listened to my mother and did not fill out the paper work." (Doc. 10, Ex. 1, pp. 2-3). Although Petitioner also contends that his court-appointed lawyer never "followed up with me via the telephone or via an in-person visit," it is difficult to see from this record how Petitioner's counsel was deficient in his representation of Petitioner or how that attorney's conduct constituted "state action" that violated the U.S. Constitution or federal law. In sum, counsel's representation of Petitioner on his direct appeal does not trigger a different commencement date for the one-year limitation period under § 2244(d)(1)(B). See Dunker, 154 F.Supp.2d at 104-105; Ramos, 2003 WL 21788799 *2.

As a corollary to the preceding argument, Petitioner argues that the one-year period should begin to run from October 14, 2009, the date the California Supreme Court denied his habeas petition. (Doc. 10, p. 4). Petitioner appears to reason that because his claims were unexhausted prior to the point when the California Supreme Court's denial fully exhausted them, and because a prior federal petition filed by Petitioner in this Court was dismissed by Petitioner after the Court advised him the petition may not be fully exhausted, this state of non-exhaustion prevented him from filing his federal petition and is therefore an additional "impediment" that was only removed when the state high court denied his habeas petition. The argument is specious.

After consulting its own electronic Case Management docketing system,[4] the Court has determined that on February 13, 2009, in case number 1:09-cv-00301-GSA, Petitioner, represented by his current attorney, filed a previous federal habeas corpus petition challenging his 2005

---

[4] The record of a court's own proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., at 1388 n.9; Valerio v. Boise Cascade Corp., at 635 n. 1; see also Colonial Penn Ins. Co. v. Coil, at 1239; Rodic v. Thistledown Racing Club, Inc., at 738.

7

conviction in Tulare County Superior Court. (Doc. 1 in electronic docket of case no. 1:09-cv-00301-GSA). On March 24, 2009, the Court issued an Order to Show Cause why the petition should not be dismissed as containing only unexhausted claims. (Doc. 7 in electronic docket of case no. 1:09-cv-00301-GSA). On April 4, 2009, Petitioner's counsel filed a motion to voluntarily dismiss the petition, and on May 7, 2009, the Court granted Petitioner's motion, dismissed the petition, and entered judgment. (Docs. 8, 9, & 10 in electronic docket of case no. 1:09-cv-00301-GSA).

It is Petitioner's responsibility to exhaust his claims in state court before raising them in federal court. 28 U.S.C. § 2254(b)(1). The implicit rationale for including statutory tolling of "properly filed" state petitions within the AEDPA is the recognition that exhausting claims in state court is a process that frequently takes longer than the one year provided by the statute for filing a federal petition. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010). Following Petitioner's reasoning, statutory tolling would rarely be necessary because the one-year period would never even commences until <u>after</u> a petitioner had fully exhausted all of his claims in state court. Petitioner does not cite, and the Court is unaware of, any federal authority for such a novel proposition.

Alternatively, Petitioner contends that because California courts "forgive substantial delays involving an incarcerated petitioner of limited education, proceeding without an attorney," this Court should excuse the admittedly "substantial delay" between the dismissal of Petitioner's direct appeal and the filing of his state petition in the California Supreme Court. (Doc. 1, p. 5). This, however, is not a proper argument for statutory tolling. Under the AEDPA, there is only one event that tolls the one-year statute of limitation, i.e., a "properly filed" state habeas petition. 28 U.S.C. § 2244(d)(2). Petitioner's argument for excusing Petitioner's delay in filing does not qualify under that provision for statutory tolling as his state petition. However, because the argument is analogous to a claim for equitable tolling, the Court will discuss that contention in the following section addressing Petitioner's claim for equitable tolling.

D.  <u>Equitable Tolling</u>

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. <u>Holland v. Florida</u>, 130 S.Ct. at 2560; <u>Calderon v. United</u>

States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon, 410 F. 3d at 1089-1090 (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner, through counsel, has made several claims of entitlement to equitable tolling. In his response to the Order to Show Cause, Petitioner expressly argues that the "lack of communication from his court-appointed appellate counsel" and his trial counsel's failure to "inform[ ] him of the time to initiate a federal habeas petition," together constitute "extraordinary circumstances beyond Petitioner's control. (Doc. 20, p. 7). Petitioner is mistaken.

Traditionally, in the context of procedural default, a petitioner "must 'bear the risk of attorney error.'" Coleman v. Thompson, 501 U.S. 722, 752-753, 111 S.Ct. 2546 (1991). In the habeas context, an attorney's errors *may*, in some circumstances, constitute "extraordinary circumstances" justifying equitable tolling. Holland, 130 S.Ct. at 2563. However, to constitute equitable tolling, the attorney's conduct must be more egregious than mere "garden variety" negligence or simple "excusable neglect." Id. In Holland, the inmate's counsel had failed to file his client's federal petition on time and apparently was unaware of the date on which the limitations period expired, facts that the U.S. Supreme Court indicated would constitute only "simple negligence." Id. However, additionally, Holland's attorney committed these negligent acts despite many letters from Holland to his attorney emphasizing the importance of timely filing the petition and actually identifying the correct deadline for filing. As well, Holland's lawyer did not inform Holland when

9

his state claims were finally denied, despite Holland's repeated requests for such information, and his counsel failed to communicate with Holland over a period of years, despite pleas from Holland that his attorney correspond with him. Id. Even with all of these allegations of attorney misconduct, however, the United States Supreme Court was only prepared to hold that collectively such behavior "may" constitute grounds for equitable tolling, and remanded the case to the Court of Appeals for further proceedings on that issue. Id. at 2565.

Here, by contrast, we have none of those factors that influenced the high court in Holland. Petitioner's trial and appellate counsel did not fail to file Petitioner's federal petition, nor does it appear they were ever expected to do so. Court-appointed counsel did not fail to communicate with Petitioner; rather, it was Petitioner who did not respond to his appellate counsel by filling out and returning the documents sent to him. There is no evidence that Petitioner's attorney was unaware of the date on which the AEDPA's one-year limitation period commenced or expired. Unlike Holland, the court-appointed attorney here did not *refuse* to communicate with Petitioner in the face of many requests to do so. To the contrary, it was Petitioner himself who apparently made no effort to reply to his attorney when his attorney did communicate with him. Also, and perhaps most significantly, as discussed previously, Petitioner himself does not maintain that he abandoned his appeal because his court-appointed attorney did not communicate with him or because he was provided ineffective assistance of counsel, but rather because his mother convinced him that she would hire a private attorney to represent him. The Court expresses no view on whether it was reasonable for Petitioner to yield to his mother's suggestion to forego a court-appointed attorney in lieu of a privately retained attorney. That was a decision entirely within Petitioner's prerogative. Far from being an "extraordinary circumstance" beyond his control, the decision to abandon his direct state appeal in favor of retaining private counsel was entirely within Petitioner's control. Now, having made that decision, Petitioner must live with the consequences. Certainly, it provides no basis for equitable tolling under the AEDPA.

Finally, the Court turns to Petitioner's contention addressed in the preceding section that because California courts "forgive substantial delays involving an incarcerated petitioner of limited education, proceeding without an attorney," this Court should excuse the admittedly "substantial

delay" between the dismissal of Petitioner's direct appeal and the filing of his state petition in the California Supreme Court. (Doc. 1, p. 5).

As mentioned previously, the limitations period is <u>not</u> tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." <u>Nino</u>, 183 F.3d at 1006-1007. Although federal district courts in California have been tasked with determining whether, in the absence of an express state court finding of untimeliness, state petitions filed in the next higher court were filed within a "reasonable time," <u>Evans v. Chavis</u>, 549 U.S.189, 198 (2006), that situation is not present in this case, i.e., there is no interval between the denial of one state habeas petition and the filing of the next second petition for this Court to consider. The interval in controversy is the lengthy delay between the abandonment of Petitioner's direct appeal on July 20, 2005, and the filing of his first state habeas petition in the California Supreme Court on May 4, 2009, a period of almost four years. Since the AEDPA's one-year period is not tolled *until* a "properly filed" state petition is pending, this interval is not subject to statutory tolling. Nor is it an "extraordinary circumstance" beyond Petitioner's control since Petitioner could have "properly filed" his state petition in the California Supreme Court, thus tolling the AEDPA's one-year statute, at any time during which the one-year period was still running. For all of these reasons, therefore, the Court concludes that the instant petition is untimely and must be dismissed.

Finally, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When a court denies a petitioner's petition, it may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d);
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 29, 2010**                    /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE